UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLINGSWORTH LOGISTICS GROUP,
LLC, a Michigan limited liability company,

    Plaintiff,

v.

EQUIPMENT LEASING SERVICES, LLC,
an Arizona limited liability company,
SCOTT POWELL, and KATHLEEN
POWELL,

    Defendants.
_____/

Case No. 10-11011

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 7, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Hollingsworth Logistics Group, LLC ("Plaintiff") filed this action against Equipment Leasing Services, LLC ("ELS"), Scott Powell, and Kathleen Powell to recover payments Plaintiff made on behalf of Hollingsworth Financial Services, LLC ("HFS"). Before the Court is Defendants' motion to strike certain allegations from Plaintiff's Amended Complaint, filed on December 6, 2010 pursuant to Federal Rule of Civil Procedure 12(f). The matter has been fully briefed, and on February 4, 2011, the Court informed the parties that it was dispensing with oral argument pursuant to Eastern District of Michigan Local

Rule 7.1(f). For the reasons stated below, the Court grants Defendants' Motion.

## I. Factual and Procedural Background

In 2004, Plaintiff and ELS formed a Michigan limited liability company, HFS, to engage in equipment leasing. Plaintiff and ELS entered into an Operating Agreement governing the operation of HFS. The Operating Agreement provided Plaintiff with 51% ownership of HFS, and ELS with the remaining 49%. The Operating Agreement also barred litigation of disputes "arising out of or relating to" the Operating Agreement.

Plaintiff, ELS, and/or HFS obtained loans to fund equipment purchases, signing promissory notes in return. Customers later began defaulting on their lease payments, leaving HFS unable to pay the lenders. Plaintiff claims that it paid $740,958.08 toward loans and $854,790.60 toward HFS's overhead expenses, such as payroll, legal fees, accounting fees, travel costs, and sales taxes. Am. Compl. ¶¶ 16-17. Plaintiff sought repayment of ELS's "pro-rata share" of these amounts, resulting in this litigation.

Defendants filed a Motion for Judgment on the Pleadings, which this Court granted in part in an Opinion and Order dated October 29, 2010. The Court began by interpreting the Operating Agreement's provision barring litigation, noting that the Agreement only governed the operation of HFS. 10/29/10 Op. & Order at 7. Thus, loans could not "relate to" the Operating Agreement unless HFS was a borrower. *Id.* The Court held that the Operating Agreement "does not bar claims relating to loans entered into by Plaintiff and ELS where HFS was not a party." *Id.*

The Court examined each of Plaintiff's claims in turn. As for the contribution claim, Plaintiff had presented evidence of its signature and ELS's signature on promissory notes,

establishing common debts. Plaintiff alleged that it paid these common debts, stating a plausible contribution claim. *Id.* at 9. The Court also concluded that Plaintiff had stated a plausible unjust enrichment claim, "[t]o the extent that Plaintiff made payments on debts for which ELS was liable." *Id.* at 10. Finally, the Court concluded that Plaintiff failed to allege sufficient facts to support its claims against Scott and Kathleen Powell. *Id.* at 11. The Court granted Plaintiff leave to amend its Complaint to provide factual support for its claims against the Powells.

On November 12, 2010, Plaintiff filed its Amended Complaint, asserting claims of contribution (Count I); unjust enrichment (Count II); promissory estoppel (Count III); piercing the corporate veil (Count IV); fraud (Count V); and negligent misrepresentation (Count VI). The Amended Complaint details the "additional liabilities" that Plaintiff claims it paid on HFS's behalf, totaling $854,790.60. Am. Compl. ¶ 17. Under Count II, unjust enrichment, Plaintiff claims that it paid $740,958.08 toward loans and $854,790.60 in "additional sums," totaling $1,595,748.68. Am. Compl. ¶ 43. Plaintiff alleges that ELS has been unjustly enriched in the amount of 49% of this total, or $781,916.86.

Defendants' counsel contacted Plaintiff to determine if the amount of claimed damages was in error, resulting in the filing of this Motion. In Defendants' view, the Court's Order only permitted claims based on the promissory notes. Defendants seek to strike any reference to the "additional liabilities," arguing that such damages are barred. Plaintiff contends that it may seek to recover "not only debts incurred under the loan documents, but other debts which are outlined in ¶ 17 of the Amended Complaint." Pl.'s Resp. Br. 3. Plaintiff claims that the "additional liabilities" of $854,790.60 are a "debt"

3

that does not arise from the Operating Agreement.

## II. Discussion

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court concludes that references to the "additional liabilities" are immaterial and should be stricken. Plaintiff alleges that these liabilities were incurred by HFS. Am. Compl. ¶ 17. Because the Operating Agreement governs HFS, any liabilities incurred by HFS arise from the Operating Agreement. The Operating Agreement bars such claims, and Plaintiff's claim for these damages fails as a matter of law.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike is **GRANTED**.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

Joseph A. Ahern, Esq.
Erica L. Keller, Esq.
Nicholas B. Gorga, Esq.