UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLINGSWORTH LOGISTICS GROUP, LLC,
a Michigan limited liability company,

       Plaintiff,

vs.

EQUIPMENT LEASING SERVICES, LLC,
an Arizona limited liability company,
SCOTT POWELL and KATHLEEN POWELL,

       Defendants.

Case No. 2:10-cv-11011

Hon. Patrick J. Duggan

## STIPULATED PROTECTIVE ORDER

The parties, by their counsel, stipulate and agree, and it is ORDERED, as follows:

**1.    Definitions.**

The following terms, as used in this Protective Order, have the following meanings:

(a)    "**Acknowledgment**" means the form of acknowledgment attached to this Protective Order as Exhibit A.

(b)    "**Action**" mean the above-captioned action.

(c)    "**Confidential Document**" means any document that is not available to the public and contains trade secrets, know-how, confidential, commercially sensitive, or proprietary information that the Producing Party has maintained in confidence, is under an obligation to maintain in confidence, or, if newly created, will maintain in confidence. "Confidential Document" includes, without limitation, pleadings, motions, affidavits, briefs, correspondence to the Court, other Court filings, deposition transcripts and exhibits, portions of trial or hearing transcripts and trial or hearing exhibits (to the extent protected by an order of the Court), and all other media that quote, summarize, or contain material or information in any way derived from a

Confidential Document.

(d) "**Confidential Information**" means the confidential trade secrets, know-how, commercially sensitive, or proprietary information contained in any Confidential Document.

(e) "**Discovery Material**" means any document, discovery response, or deposition produced, served, or given by any Producing Party in connection with the Action, including, without limitation, any document or tangible thing produced under any document request, any response to any request for admission, any answer to any interrogatory, any deposition transcript, all information contained in any of these materials, and any copy or excerpt of these materials.

(f) "**Document**" as used herein means, without limitation, written, printed or electronically stored information of every kind and description, including correspondence, memoranda, agreements, contracts, emails, photographs, drawings, notes, records, any type of communication, any compilation of data, statements, invoices, purchase orders, transcripts, telegrams, summaries, diaries, calendars, graphs, reports, notebooks, charts, plans, sketches, maps, opinions or reports of consultants or experts, videos, films, commercials, infomercials, websites, web pages, brochures, pamphlets, advertisements, circulars, press releases, drafts, marginal comments appearing on any document, microfilm, microfiche, computer printouts, computer programs, tapes, cassettes, disks, hard drives, back-up hard drives, all information stored on a computer, all nonidentical copies of any item listed above and all other writings of any kind.

(g) "**Producing Party**" means any party that is producing, serving, or giving the Confidential Documents or Confidential Information regardless of whether the Producing Party is a party to the Action.

**2.     Scope.**

This Protective Order applies to any Discovery Material produced, served, or given by any Producing Party in connection with the Action.

**3.     Discovery Material to Be Used for This Litigation Only.**

Any person receiving Discovery Material in the Action may use the Discovery Material only in connection with the Action and not for any other purpose. In particular, Discovery Material may not be used for any commercial purposes or in connection with any other existing or future civil or criminal litigation or proceeding. Nothing in this Protective Order is to be construed to limit, condition, or otherwise restrict in any way the use by the Producing Party of its own Discovery Material (i.e., Discovery Material produced by the Producing Party), including its own Confidential Documents and Confidential Information.

**4.     Designation of Documents or Information as Confidential.**

Any Producing Party may designate Discovery Material as a Confidential Document or Confidential Information that it is producing if the Producing Party believes in good faith that the document or information meets the definitions set forth above. The designation of a document or information as a Confidential Document or Confidential Information will be made by placing the legend "CONFIDENTIAL" on each page of the document or information to be so designated or, in the case of electronic media that cannot be marked as "CONFIDENTIAL," in a cover letter describing the information to be so designated.

**5.     Permissible Disclosure of Confidential Documents and Confidential Information.**

(a)     Subject to the further restrictions below placed on the disclosure of Confidential Documents and Confidential Information, any party receiving Confidential Documents and Confidential Information may make disclosure only to the following:

(i) Counsel for any party to the Action (including inside counsel employed by any party to the Action), including partners, associates, legal assistants, secretaries, and all other employees, to the extent reasonably necessary to render professional services in the Action.

(ii) Any person who authored or previously received the Confidential Documents or Confidential Information.

(iii) Any court reporter or video camera operator at any deposition.

(iv) Any current director, officer, managing agent, or employee of any party to the Action.

(v) The Court and any court officer involved in the Action (including any court reporter or court employee).

(vi) Outside vendors retained by a party or its counsel to provide litigation support services in the Action, including, without limitation, creation or management of databases, document imaging, microfiching, photocopying, or similar functions.

**6. Additional Permissible Disclosures of Confidential Documents and Confidential Information.**

(a) Subject to the requirements of paragraph 7, below, Confidential Documents and Confidential Information may also be disclosed by the receiving party to the following:

(i) Any person designated by the Court in the interests of justice, upon terms that the Court deems proper.

(ii) Any outside consultant or expert retained for the purpose of assisting counsel in the Action.

(iii) Any former officer, director, or employee of any party to the Action to the extent reasonably necessary to assist a party in the Action.

**7.    Execution of Acknowledgment.**

Prior to the disclosure of any Confidential Documents or Confidential Information to any person identified in paragraph 6, above, the receiving party must obtain from that person a signed copy of the Acknowledgment attached to this Protective Order as Exhibit A.

**8.    Maintenance of Confidential Documents and Confidential Information.**

Confidential Documents and Confidential Information must be maintained and used in a manner reasonably designed to ensure their continuing confidentiality.

**9.    Photocopying, Reproducing, or Printing Confidential Documents and Confidential Information.**

A person who obtains Confidential Documents and Confidential Information, including in electronic form, may not copy or reproduce the documents or information, except as reasonably necessary for the prosecution or defense of the Action.

**10.   Use of Confidential Documents and Confidential Information at Depositions.**

Notwithstanding anything in the preceding paragraphs, the following provisions apply to the use of Confidential Documents and Confidential Information at depositions:

(a)    If any party wishes to use Confidential Documents or Confidential Information in a deposition, then only the persons authorized by this Protective Order to review Confidential Documents and Confidential Information will be permitted to be present at the deposition during the times when Confidential Documents and Confidential Information are being used or inquired about.

(b)    Documents and information disclosed at a deposition may be designated as Confidential Documents or Confidential Information by notifying all parties, either on the record at the deposition or in writing within 30 days of receipt of the deposition transcript, of the specific documents or pages and lines of the deposition transcript that contain Confidential

Information. All depositions and any documents produced at depositions or marked as an exhibit will automatically be treated as Confidential Documents or Confidential Information for a period of 30 days after receipt of the deposition transcript and will remain confidential afterward only if they are designated as Confidential Documents or Confidential Information under the provisions of this subparagraph.

**11. Use of Confidential Documents and Confidential Information at Hearings or at Trial.**

Notwithstanding anything in the preceding paragraphs, a party may offer or use Confidential Documents or Confidential Information in evidence at court hearings and at trial. The Confidential Documents or Confidential Information will not lose their confidential status by this offer or use. The parties must use their best efforts to protect the confidential status of Confidential Documents and Confidential Information used at court hearings and at trial, in accordance with the directions of the Court for the treatment of Confidential Documents or Confidential Information.

Counsel for the parties must exercise all reasonable care to avoid needlessly disclosing Confidential Documents or Confidential Information in the public record of the Action. In addition, the Court may take measures that it deems appropriate to prevent unnecessary disclosure of Confidential Documents and Confidential Information.

**12. Modification Permitted.**

Nothing in this Protective Order prevents any party or nonparty from seeking modification of this Protective Order by the Court.

**13. Nonwaiver.**

Nothing in this Protective Order constitutes a waiver or otherwise prevents any party or nonparty from objecting to discovery that the party or nonparty believes to be improper. Any

party may contest the designation of any material as Confidential Documents or Confidential Information.

**14.   Notice of Unauthorized Disclosure.**

If any Confidential Documents or Confidential Information are disclosed to, or come into the possession of, any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the Producing Party of all pertinent facts relating to the disclosure and must take reasonable efforts to prevent disclosure by each unauthorized person who received the Confidential Documents or Confidential Information.

**15.   Continuing Effect of Protective Order.**

The provisions of this Protective Order will continue to remain in effect after the conclusion of the Action by final judgment, settlement, or otherwise.

**16.   Response to Nonparty Discovery.**

If another court or administrative agency, or any person or organization not a party to the Action, subpoenas or orders production of any Confidential Documents or Confidential Information that a party has obtained under the terms of this Protective Order, that party must:

(a)   promptly notify the Producing Party that designated the Confidential Documents or Confidential Information of the subpoena or order, and

(b)   object to the disclosure of the Confidential Documents or Confidential Information based on the terms of this Protective Order. Other than filing or serving these objections, no party will be obligated to defend against nonparty discovery of the kind identified in this paragraph 16.

**17.   Termination of Action and Return of Confidential Documents and Confidential Information.**

Within 90 days of the final adjudication or resolution of the Action, including, without

limitation, the final adjudication or resolution of any appeal or petition for an extraordinary writ, counsel for each party must, at his or her option, either (a) return all Confidential Documents and Confidential Information in counsel's possession, custody, or control to the Producing Party at an address to be provided in writing by the Producing Party or (b) destroy the Confidential Documents and Confidential Information and provide counsel for the Producing Party an affidavit attesting to the destruction.  Notwithstanding the preceding sentence, counsel of record may retain for their files copies of papers served, produced, or filed in the Action, including Confidential Documents or Confidential Information, provided that counsel continue to maintain the confidentiality of these Confidential Documents and Confidential Information under the terms of this Protective Order.

**18.    Subsequent Designations.**

Failure of counsel to designate or mark any information, document, or thing as "CONFIDENTIAL" as provided above will not preclude the Producing Party from subsequently making such a designation, but the receiving parties will incur no liability for disclosures made prior to notice of such a designation.

**SO STIPULATED:**

| HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Attorneys for Defendants/Counter-Plaintiffs | AHERN FLEURY<br>Attorneys for Plaintiff/Counter-Defendant |
|---|---|
| By: /s/ Erica L. Keller<br>    Nicholas B. Gorga (P72297)<br>    Erica L. Keller (P67551)<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3506<br>(313) 465-7678<br>ngorga@honigman.com<br>ekeller@honigman.com | By: /s/ Amanda A. Kill w/consent<br>    Joseph A. Ahern (P38710)<br>    Amanda A. Kill (P68988)<br>430 N. Old Woodward Avenue<br>Second Floor<br>Birmingham, MI 48009<br>(248) 723-6101<br>jahern@ahernfleury.com<br>akill@ahernfleury.com |

   **SO ORDERED** this 28th day of  June, 2011.



   s/Patrick J. Duggan
   Patrick J. Duggan
   United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on Tuesday, June 28, 2011, by electronic and or ordinary mail.

   s/Marilyn Orem
   Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLINGSWORTH LOGISTICS GROUP, LLC,
a Michigan limited liability company,

       Plaintiff,

Case No. 2:10-cv-11011

vs.

Hon. Patrick J. Duggan

EQUIPMENT LEASING SERVICES, LLC,
an Arizona limited liability company,
SCOTT POWELL and KATHLEEN POWELL,

       Defendants.

## **EXHIBIT A**

## **ACKNOWLEDGMENT**

The undersigned hereby represents and agrees as follows:

1.    I have read, understand, and agree to be bound by the terms of the Stipulated Protective Order entered on _____, 2011 (the "Protective Order").

2.    I understand that the unauthorized disclosure of Confidential Documents or Confidential Information as defined in the Protective Order may constitute a contempt of court and subject me to liability.

3.    Upon request, but no later than 30 days following a final adjudication or resolution of the Action referred to in the Protective Order, I agree to promptly return to the party or organization from whom I received Confidential Documents all those documents in my possession, custody, or control, and I will not retain copies of those Confidential Documents upon my completion of using them.

- 2 -

4.   I consent to the exercise of personal jurisdiction over me by the United States District Court for the Eastern District of Michigan for the purpose of enforcing the Protective Order.

Dated at _____, this _____ day of _____, 201\_\_.

_____
NAME

9230764